842 F.2d 336
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Jack E. ZAGER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-7235.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1988.*
Decided March 9, 1988.
 Appeal from the United States Tax Court.
 Before JAMES R. BROWNING, Chief Judge, and NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zager filed a petition with the tax court, challenging the Commissioner's assessment of a personal income tax deficiency of $20,731.00 arising out of a "guaranteed payment" to Zager of $63,467.00. The tax court upheld the Commissioner, and Zager has appealed. We affirm.
 
 
 3
 The Commissioner argues that the $63,467.00 constitutes a liquidation of Zager's partnership interest under I.R.C. Sec. 736, taxable as ordinary income. Zager contends that the sum represents a non-taxable discharge of indebtedness under I.R.C. Sec. 108(a)(1)(B) as a result of his alleged insolvency.[1]
 
 
 4
 Whatever the merits to Zager's argument, the record amply supports the tax court's finding that Zager was not insolvent during the time in question. We find nothing clearly erroneous with that finding. Cf. Graham v. Commissioner, 822 F.2d 844, 848 (9th Cir.1987) (factual findings with respect to claimed deductions subject to clearly erroneous standard of review).
 
 
 5
 The record also supports the tax court's conclusion that the $63,467.00 was a guaranteed payment under I.R.C. Sec. 736(a)(2). The partnership agreement, to which Zager was a signatory, expressly provided for a guaranteed payment to a withdrawing partner. Such a payment was to be based, inter alia, on the outgoing partner's unrealized receivables and work in process,[2] and was to be determined without regard to partnership income. Guaranteed payments are determined without regard to partnership income, see I.R.C. Secs. 707(c) and 736(a)(2), and are treated as ordinary income to the recipient. See I.R.C. Sec. 707(c).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A third possibility, viz., that the $63,467.00 represents a sale of Zager's partnership interest entitled to capital gains treatment under I.R.C. Sec. 741, was not seriously raised below or on appeal. In light of the absence of any evidence in the record to support such a position, the question of a sale under I.R.C. Sec. 741 will not be considered
 
 
 [2]
 Unrealized receivables and work in process are treated essentially the same under Subchapter K of the Internal Revenue Code. See I.R.C. Sec. 751(c) (unrealized receivables includes unbilled services rendered). They are taxable to the recipient as ordinary income. Holman v. Commissioner, 66 T.C. 809, 814 (1976), aff'd, 564 F.2d 283 (9th Cir.1977)